CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
<u>Mail</u>: PO Box 262490
San Diego, CA 92196-2490
<u>Delivery</u>: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Gilbert Salinas**,<br><br>       Plaintiff,<br><br>    v.<br><br>**Nina Trini LLC**, a California Limited Liability Company; **Mariscos El Coraloense**, a California Corporation; and Does 1-10,<br><br>       Defendants. | **Case No**.<br><br>**Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Gilbert Salinas complains of Defendants Nina Trini LLC, a California Limited Liability Company; Mariscos El Coraloense, a California Corporation; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who uses a wheelchair for mobility.

2. Defendant Nina Trini LLC owned the real property located at or about

Complaint

6600 Florence Ave., Bell Gardens, California, in December 2017.

3. Defendant Nina Trini LLC owns the real property located at or about 6600 Florence Ave., Bell Gardens, California, currently.

4. Defendant Mariscos El Coraloense owned the El Coraloense Restaurant located at or about 6600 Florence Ave., Bell Gardens, California, in December 2017.

5. Defendant Mariscos El Coraloense owns the El Coraloense Restaurant ("Restaurant") located at or about 6600 Florence Ave., Bell Gardens, California, currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

Complaint

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Restaurant in December 2017 to eat.

11. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

12. Paths of travel are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Restaurant.

13. Unfortunately, the path of travel to the restroom was through an alley around the rear of the Restaurant and required a person to navigate steps to get in the restroom entrance for which there was no ramp.

14. Additionally, the path of travel to the restroom entrance was less than 36 inches. It was blocked by cooking pots and various items that were stored there.

15. Because of the inaccessible restroom at the Restaurant, a waitress from the Restaurant pointed to the plaintiff a burger restaurant across the street where he could try and use the restroom.

16. Plaintiff had to use the restroom urgently so he pushed across the street. He was unable to use the restroom immediately, though, because someone was already using the restroom. Because plaintiff was unable to use the restroom, he accidentally urinated himself. Plaintiff spent the rest of his time at the Restaurant with wet pants on. This was humiliating for plaintiff.

17. Currently, the path of travel to the restroom is through an alley around the rear of the Restaurant and requires a person to navigate steps to get in the restroom entrance for which there is no ramp.

18. Currently, the path of travel to the restroom entrance is less than 36

Complaint

inches. It is blocked by cooking pots and various items that are stored there.

19. Defendants have failed to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities at the Subject Property.

20. In addition to not having an accessible restroom, the parking space marked and reserved for persons with disabilities is not located near the closest accessible entrance. The parking space is located near the street even though ambulatory customers can park in front of the Store and the Restaurant.

21. Currently, the parking space marked and reserved for persons with disabilities is not located near the closest accessible entrance. The parking space is located near the street even though ambulatory customers can park in front of the Store and the Restaurant.

22. Plaintiff personally encountered this barrier.

23. This inaccessible condition denied the plaintiff full and equal access and caused him difficulty, discomfort and embarrassment.

24. Restrooms are another one of the facilities, privileges, and advantages offered by Defendants to patrons of the Restaurant.

25. Meanwhile, and even though plaintiff did not personally confront the barrier, he restroom mirror was mounted on the wall so that its bottom edge was more than 40 inches above the finish floor.

26. There was no clear floor space in front of the disposable toilet seat cover dispenser because it was mounted on the wall behind the toilet.

27. The plumbing underneath the sink was not wrapped to protect against burning contact.

28. Currently, the restroom mirror is mounted on the wall so that its bottom edge is more than 40 inches above the finish floor.

29. Currently, there is no clear floor space in front of the disposable toilet

Complaint

seat cover dispenser because it is mounted on the wall behind the toilet.

30. Currently, the plumbing underneath the sink is not wrapped to protect against burning contact.

31. Transaction counters are also one of the facilities, privileges, and advantages offered by Defendants to patrons of the Restaurant.

32. The transaction counter at the Restaurant was more than 36 inches in height. In fact, the transaction counter is 44 inches high.

33. There was no lowered, 36 inch portion of the transaction counter at the Restaurant for use by persons in wheelchairs.

34. Currently, the transaction counter at the Restaurant is more than 36 inches in height.

35. Currently, there is no lowered, 36 inch portion of the transaction counter at the Restaurant for use by persons in wheelchairs.

36. Plaintiff plans to return and patronize the Restaurant but he will be deterred from visiting until the defendants move the barriers.

37. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

38. Meanwhile, the mirror in the restroom could be removed or lowered so that it is accessible.

39. Wrap can be installed under the sink at a cost of no more than $25.

40. Another common barrier removal project is modifying transaction counters to make a portion of the counter accessible. This is a simple construction task, well within the capabilities of any general contractor. The task can be completed easily and for a modest price.

Complaint

41. Plaintiff is and has been deterred from returning and patronizing the Restaurant because of his knowledge of the barriers that exist. Plaintiff will, nonetheless, return to the business to assess ongoing compliance with the ADA and will return to patronize the Restaurant as a customer once the barriers are removed.

42. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to her disability removed regardless of whether he personally encountered them).

43. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because, had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

44. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

Complaint

45. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

46. There must be an accessible path of travel that connects all buildings, elements and spaces on the same site. 1991 Standards § 4.3.2. To be considered an accessible route, there cannot be a stair or step. 1991 Standards § 4.3.8. Any such change in level measuring greater than ½ inch must have a ramp or lift. *Id.* 2010 Standards § 303.4.

Complaint

47. Here, the unramped step is a violation of the ADA.

48. There must be an accessible path of travel that connects all buildings, elements and spaces on the same site. 1991 Standards § 4.3.2. The minimum clear width of an accessible route shall be 36 inches. 1991 Standards § 4.3.3.

49. Here, the failure to provide an accessible path of travel to the restroom is a violation of the ADA.

50. Mirrors shall be mounted with the bottom edge of the reflecting surface no higher than 40 inches above the finish floor. 1991 Standards § 4.19.6; 2010 Standards § 603.3.

51. Here, the mirror was mounted higher than the maximum permitted and is a violation of the ADA.

52. Clear floor space that allows a forward or a parallel approach by a person using a wheelchair shall be provided at controls, dispensers, receptacles, and other operable equipment. 1991 Standards § 4.27.2; 2010 Standards § 309.2.

53. Here, the failure to provide such floor space is a violation of the ADA.

54. Hot water and drain pipes under lavatories must be insulated or otherwise configured to protect against contact. 1991 Standards § 4.19.4; 2010 Standards §606.5.

55. Here, the failure to wrap the plumbing underneath the sink is a violation of the ADA.

56. In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service

Complaint

counter top. 2010 Standards § 904.4 & 904.4.1.

57. Here, no such accessible counter has been provided in violation of the ADA.

58. Accessible parking spaces serving a particular building must be located on the shortest accessible route of travel from adjacent parking to an accessible entrance. In buildings with multiple accessible entrances with adjacent parking, accessible parking spaces must be dispersed and located closest to the accessible entrances. 1991 Standards § 4.6.2; 2010 Standards § 208.3.1.

59. Here, the parking is not so located and it is in violation of the ADA.

60. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

61. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

62. Given its location and options, plaintiff will continue to desire to patronize the Restaurant but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

63. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

64. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

Complaint

65. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: February 28, 2018   CENTER FOR DISABILITY ACCESS

By: _____

Chris Carson, Esq.
Attorney for plaintiff

Complaint